UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICKY ARTHUR OSBORN,

                  Plaintiff,          1:13-CV-0372
                                                      (GTS/CFH)

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

                  Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS         PETER M. MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard Street
Catskill, New York 12414

SOCIAL SECURITY ADMINISTRATION       VERNON NORWOOD, ESQ.
OFFICE OF GENERAL COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this action for Social Security benefits filed by Ricky Arthur Osborn ("Plaintiff") against the Commissioner of Social Security Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g), is the Report-Recommendation of United States Magistrate Judge Christian F. Hummel, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Plaintiff's motion for a finding of disability be denied, that Defendant's cross-motion for judgment on the pleadings be granted, and that Defendant's decision be affirmed. (Dkt. No. 14.) No Objection to

the Report-Recommendation has been filed, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

I.   **RELEVANT BACKGROUND**

   A.   **Procedural History**

Because neither party has objected to Part I of Magistrate Judge Hummel's Report-Recommendation, which describes the procedural background of this action, the Court adopts that description for purposes of this Decision and Order. (*See generally* Dkt. No. 14, at Part I [Report-Rec].) The Court will merely summarize the most relevant elements of that background.

On March 18, 2010, Plaintiff applied for disability insurance benefits ("DIB") and social security income ("SSI") under the Social Security Act, alleging a disability (specifically, multiple musculoskeletal impairments affecting his neck, back, leg, and knees) with an onset date of October 1, 2008, which left him unable to work. On June 10, 2010, Plaintiff's application was denied by the Social Security Administration. Plaintiff appealed the decision; and on April 26, 2010, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. On June 7, 2011, the ALJ issued his decision holding that Plaintiff was not entitled to disability benefits. Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council; and on October 27, 2011, the Appeals Council remanded the matter to the ALJ. On January 17, 2012, a second hearing was held before the ALJ. On February 16, 2012, the ALJ issued a decision again holding that Plaintiff was not entitled to disability benefits. On April 4, 2013, Plaintiff commenced this action in federal court.

Generally, in her brief in support of her motion for a finding of disability, Plaintiff asserts the following arguments: (1) the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating neurosurgeon, Thomas McCormack, M.D., as required by 20 C.F.R. 404.1527; and (2) the ALJ failed to offer substantial evidence in support of his finding regarding Plaintiff's residual functional capacity ("RFC"). (Dkt. No. 10.) Generally, in her brief in support of her cross-motion for judgment on the pleadings, Defendant opposes Plaintiff's arguments, and argues that substantial evidence supports the ALJ's determination that the medical evidence of record, as well as Plaintiff's own statements, demonstrates that he retained the RFC to perform work which existed in significant numbers in the national economy from his alleged onset of disability date through his date last insured. (Dkt. No. 13.)

### B.     Magistrate Judge Hummel's Report-Recommendation

On March 31, 2014, Magistrate Judge Hummel issued a Report-Recommendation recommending that Plaintiff's motion for a finding of disability be denied, that Defendant's cross-motion for judgment on the pleadings be granted, and that Defendant's decision be affirmed, generally based on a finding that the ALJ's RFC determination is supported by substantial evidence and is consistent with the findings of Plaintiff's treating physicians. (Dkt. No. 14, at Part II.D.)

## II.    APPLICABLE LEGAL STANDARDS

### A.     Standard of Review of Magistrate Judge Hummel's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1]

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] On de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. County of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part II.A. of his Report-Recommendation, Magistrate Judge Hummel correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 14, at Part II.A.) As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Hummel's thorough Report-Recommendation is free of clear error. (Dkt. No. 14.) Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for a finding of disability (Dkt. No. 10) is **DENIED**, Defendant's cross-motion for judgment on the pleadings (Dkt. No. 13), is **GRANTED**, and Defendant's decision is **AFFIRMED**.

Dated: July 22, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge